IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL ACTION 07-00184-CG |
| | : | |
| RONALD BENJAMIN SMITH | : | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Notice of Appeal (Doc. 53) and Affidavit or Declaration in Support of Motion for Leave to Proceed In Forma Pauperis (Doc. 56), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3). For the reasons set forth below, it is recommended that the Motion for Leave to Proceed In Forma Pauperis be denied because the appeal is frivolous and not taken in good faith.

On January 11, 2008, Defendant was sentenced after pleading guilty to counts one and four of the indictment, namely, possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and using and carrying a firearm during a drug trafficking felony in violation of 18 U.S.C. § 924(C)(1) (Doc. 47). On April 15, 2011, Defendant filed a Motion for Judicial Review of Government's Failure to File a Rule 35(b) Motion on Behalf of Defendant (Doc. 51), which motion was denied by Endorsed Order on April 22, 2011 (Doc. 52). It is this order that Defendant is appealing. Defendant has not stated what issues he is raising on appeal or how the order is in error.

After a review of the Affidavit or Declaration in Support of Motion for Leave to Proceed In Forma Pauperis (without the statement of his prison account or other documentation of his assets and income), it appears that Defendant may not have the present financial inability to pay the filing fees. The Court notes that Defendant had appointed counsel throughout the proceedings, including sentencing. However, even if though the Court found that Defendant does not have the present ability to pay the filing fees, a party may not appeal *in forma pauperis* unless the District Court also certifies that the appeal is taken in good faith. 28 U.S.C. § 1915(a). The test for whether an appeal is taken in good faith is whether Defendant seeks appellate review of any issue that is not frivolous. *See Ex parte Chayoon,* 2007 WL 1099088, *1(M.D. Fla. 2007). In other words, an appeal that is plainly frivolous cannot be taken without the prepayment of fees and costs. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); *Clements v. Wainwright,* 648 F.2d 979, 981 (5th Cir. 1981). In the appealed Order, the Court clearly set out its reasons for denying Defendant's Motion, namely, that the plea agreement gave the Government sole discretion as to whether or not a motion for downward departure was to be filed and that Defendant had not made a "substantial threshold showing" that the refusal to file a Rule 35(b) motion is based on a constitutionally impermissible

motive (Doc. 52).  Defendant has merely filed a Notice of Appeal and an Affidavit or Declaration in Support of Motion for Leave to Proceed In Forma Pauperis without claiming any entitlement to redress or stating the issues he intends to present on appeal, as required by Federal Rule of Appellate Procedure 24 (a). Therefore, Defendant's Motion for Leave to Proceed In Forma Pauperis is due to be denied since it is frivolous and not taken in good faith.

In conclusion, it is recommended that Defendant's Motion for Leave to Proceed In Forma Pauperis be denied and that the District Judge certify in writing that Defendant's appeal is frivolous and not taken in good faith.  Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), Defendant does not have the opportunity to file an objection.  *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court.").  The Clerk is therefore **DIRECTED** to refer this Report and Recommendation to the District Judge without the necessity of a waiting period.

DONE this 17th day of May, 2011.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE